**Mary M. NECHAY, Petitioner,**

v.

**James A. NECHAY, Respondent.**

Family Court of Delaware,
Kent County.

Submitted: June 16, 1995.
Decided: July 6, 1995.

Dana L. Harrington, Delaware Volunteer Legal Services of Wilmington, for Petitioner.

---

Michael J. Malkiewicz, Barros, McNamara, Scanlon, Malkiewicz & Taylor of Dover, for Respondent.

### *OPINION*

WALLS, Judge.

The Court has before it a Request For Review of Commissioner's Order filed by the Petitioner. The review arises out of an Order entered by the Commissioner on June 6, 1995. The underlying cause of action was a Motion For Contempt of A Protection From Abuse Order. Under that Order the Respondent was prohibited from contacting or attempting to contact the Petitioner. Petitioner alleged that Respondent violated the Order when he made or attempted to make contact with the Petitioner through a third party. The Commissioner held a hearing on the motion and, at the conclusion of the hearing, ruled as a matter of law that the statutory prohibitions of the Protection From Abuse Act involving contact do not prohibit contact by or through third parties. From this decision, the Petitioner has filed her Request For Review Of Commissioner's Order.

The Petitioner requested and was granted a waiver of the transcript. The Court, in reaching its decision, has reviewed the tape of the hearing before the Commissioner and the exhibits offered therein. The Court has also reviewed the objections submitted by the Petitioner and the response to those objections submitted by the Respondent. The Court's review is limited to a *de novo* determination of those portions of the Commissioner's Order to which the Petitioner objects. 10 *Del.C.* § 915(d)(1). The Court may accept, reject or modify any part of the Order of the Commissioner. The Court may also receive further evidence or recommit the matter to the Commissioner with instructions.

The matter before the Commissioner arose out of relief sought by the Petitioner pursuant to the Protection From Abuse Act which was enacted on July 16, 1993, and codified in 10 *Del.C.* § 1041, *et. seq.* The Act gives a statutory cause of action to a petitioner on whom domestic violence is being perpetrated.

Domestic violence is defined within the Act as abuse perpetrated by and against members of specific protected classes. 10 *Del.C.* § 1041(2). Among other definitions, abuse is defined as "any other conduct which a reasonable person under the circumstances would find threatening or harmful." 10 *Del. C.*, § 1041(1)(viii). When domestic violence is found to have occurred, the Court may grant various forms of relief, which may include no contact by a respondent with a petitioner. 10 *Del.C.* § 1045.

■■■ The issue before the Court is the Commissioner's interpretation and application of the statutory prohibitions contained within 10 *Del.C.* § 1045(a). A Protection From Abuse Order was entered by the Commissioner with the consent of the parties on April 10, 1995. Under the provisions of that Protection From Abuse Order, "the Respondent shall not contact nor attempt to contact the Petitioner in any way, including, but not limited to, by phone, by the mail or by any other means." This provision is entered pursuant to the statutory authority found in 10 *Del.C.* § 1045(a)(2). Subsection 1045(a)(2) states that the Court may grant relief to "restrain the Respondent from contacting or attempting to contact the Petitioner." It is a general principle of statutory construction that a statute shall be reasonably interpreted so as to give effect to the purpose and intent of the legislation. *In Re Adoption of Swanson,* Del.Supr., 623 A.2d 1095 (1993). Even though third-person contact is not specifically stated in the statute, the Court concludes that contact by a third person at the request of the Respondent is a prohibited act under 10 *Del.C.* § 1045(a)(2) when such contact is for the purpose otherwise prohibited by the Act or within the statutory definition of abuse. Such wording as "attempt or attempting to contact in any way" and "by any other means" clearly covers actions by the Respondent through third persons. To interpret the statutory prohibition contained within the Protection From Abuse Consent Order to allow third-party contact will not give full effect and meaning to the intent and purpose of the Protection From Abuse Act. To allow a respondent who is subject to a Protection From Abuse Order to continue to

contact a petitioner by third parties would, in effect, defeat the protections afforded the petitioner under the Protection From Abuse Act. Such contact by third parties would render the statute totally ineffective and could not have been logically or reasonably intended by the legislature in enacting the act. If at all possible, statutes should be construed in a manner so as not to cause an absurd or mischievous result. *Lewis v. State,* Del.Supr., 626 A.2d 1350 (1993).

Accordingly, this matter is resubmitted to the Commissioner for further consideration consistent with this opinion.